**M. Christie Helmer**, OSB No. 743400
chris.helmer@millernash.com
**John F. Neupert, P.C.**, OSB No. 783168
john.neupert@millernash.com
**Sanja Muranovic**, OSB No. 171774
sanja.muranovic@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Attorneys for Defendant Dutch Tecsource B.V.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MEDURI FARMS, INC., an Oregon corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>DUTCHTECSOURCE B.V.,<br><br>              Defendant. | CV No. 3:17-cv-00906-SI<br><br>DECLARATION OF JUSTIN WAKKER IN SUPPORT OF DEFENDANT'S MOTION TO REFER PARTIES TO ARBITRATION AND STAY PROCEEDINGS |

I, Justin Wakker, hereby declare as follows:

Page 1 -   Declaration of Justin Wakker in Support of Defendant's Motion to Refer Parties to Arbitration and Stay Proceedings

4843-1043-1563.5

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204



1.      I am a citizen of the Netherlands and am the person in charge of Dutch Tecsource B.V. ("DTS"), the defendant in this action. I am also the person at DTS who was primarily responsible for negotiating the agreement between DTS and the plaintiff Meduri Farms, Inc. ("Meduri") for purchase of the infusion line referenced in this Declaration. This agreement is referred to in DTS's Motion to Refer Parties to Arbitration and Stay Proceedings ("DTS's Motion") as the "Agreement." I make this declaration in support of DTS's Motion. I am competent to testify to the matters stated herein and have personal knowledge of the facts set forth below.

2.      DTS is a Dutch business that for over 20 years has engineered and manufactured machines and food processing lines. DTS sells these worldwide to food processing companies.

3.      In 2015, Meduri and DTS began discussions for DTS to engineer and manufacture an infusion line for Meduri to use with blueberries and other fruit.

4.      On August 24, 2015, at Meduri's request, DTS sent Meduri a detailed, 33 page price Quotation for two infusion lines. A true and correct copy of the Quotation is attached as **Exhibit A**. The Quotation stated "Orgalime Conditions are applicable. At request we will send you a copy." Despite DTS's offer to provide a copy of the Orgalime Conditions referenced in the Quotation, Meduri did not request a copy. Also, Meduri did not take issue with or otherwise object to the language of the Quotation stating "Orgalime Conditions are applicable."

5.      Had Meduri requested a copy of the Orgalime Conditions, we would have sent Meduri a copy of Orgalime SI 14 ("General Conditions for the Supply and Installation of Mechanical, Electrical and Electronic Products"), which applies to the transaction that we were entering into. Orgalime SI 14 provides "all disputes arising out of or in connection with the Contract shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules." DTS intentionally included the Orgalime Conditions as part of its contract, as it regularly does when

Page 2 -    Declaration of Justin Wakker in Support of Defendant's Motion to Refer Parties to Arbitration and Stay Proceedings

4843-1043-1563.5

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

doing business internationally. A true and correct copy of Orgalime SI 14 is attached as **Exhibit B**.

6. On September 16, 2015, at Meduri's request, DTS sent Meduri a two-page "Price Overview" quoting the price for only one infusion line. A true and correct copy of the Price Overview is attached as **Exhibit C**.

7. On September 19, 2015, Meduri confirmed its order for a single infusion line based on the pricing provided to it by DTS. A true and correct copy of an email from Dominic Meduri to me confirming the order is attached as **Exhibit D**.

8. On September 25, 2015, Meduri paid DTS a 10% down payment for the infusion line, and in the year that followed, Meduri paid DTS 90% of the total purchase price for the line.

9. In the fall of 2016, DTS delivered and installed the infusion line at Meduri's place of business in Dallas, Oregon.

10. Meduri has not paid the remaining 10% of the total purchase price for the infusion line despite demand. The amount remains due and owing. A true and correct copy of DTS's invoice for the outstanding amount is attached as **Exhibit E**.

11. Meduri's failure to pay the balance due for the infusion line, as well as its failure to pay for certain equipment and spare parts auxiliary to the line ordered in 2015 and 2016, is the subject of DTS's Request for Arbitration filed on July 10, 2017 with the International Chamber of Commerce ("Request"). A true and correct copy of the Request is attached to this declaration as **Exhibit F**.

12. DTS initiated arbitration with the ICC because, by incorporating the Orgalime Conditions, the parties expressly agreed to arbitration for the infusion line and the three auxiliary orders as reflected in the Request.

Page 3 -   Declaration of Justin Wakker in Support of Defendant's Motion to Refer Parties to Arbitration and Stay Proceedings

4843-1043-1563.5

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

13. As reflected in the Request, DTS also included Orgalime Conditions in its follow-on agreements for Meduri's purchase of the auxiliary parts, and Meduri did not object to those either. Those Orgalime Conditions are contained in the Request at Annexes B-1, C, and D.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 14 day of July, 2017, in Beusichem, the Netherlands.



Justin Wakker

Page 4 -  Declaration of Justin Wakker in Support of Defendant's Motion to Refer Parties to Arbitration and Stay Proceedings

4843-1043-1563.5

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on:

> Mr. Jeffrey M. Edelson
> Mr. Dallas DeLuca
> MARKOWITZ HERBOLD PC
> Suite 3000 Pacwest Center
> 1211 S.W. Fifth Avenue
> Portland, Oregon  97204
> Fax:  (503) 323-9105
> E-mail:  jeffedelson@markowitzherbold.com
> E-mail:  dallasdeluca@markowitzherbold.com

*Attorneys for Plaintiff*

by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☒ **E-mail.**  (Courtesy copy.)

☐ **E-mail.**  As required by Local Rule 5-11, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED:  July 21, 2017.

> s/ Sanja Muranovic
> Sanja Muranovic, OSB No. 171774
>
> *Attorneys for Defendant*

Page 1 -    Certificate of Service

4843-1043-1563.5

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204